UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                    Case No. 14-CR-0279(1) (PJS)

               Plaintiff,

v.                                                                      ORDER

ROBERT EARL GUNDY,

               Defendant.

---

Defendant Robert Gundy pleaded guilty to mail fraud and was sentenced to 41 months in prison and three years of supervised release.  ECF No. 62.  Gundy is currently incarcerated in Elkton, Ohio.

This matter is before the Court on Gundy's request that the Court appoint him an attorney to assist him in various disputes with the Bureau of Prisons ("BOP").  Gundy contends that the BOP is wrongfully refusing to credit him with certain time and failing to provide him with drug and mental-health treatment.[1]  Gundy also requests that the Court modify his sentence to credit him for certain time.

---

[1]The Court notes that, contrary to Gundy's apparent belief, the Court did not *order* the BOP to provide him with drug treatment.  Instead, the Court *recommended* that Gundy be permitted to participate in drug-treatment programming.  The BOP does not have to follow the recommendation of the Court.

Once a sentence is imposed, a district court cannot modify that sentence unless such a modification is specifically authorized by statute.  *See* 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824 (2010); *United States v. Allmon*, 702 F.3d 1034, 1036-37 (8th Cir. 2012).  The Court is unaware of any statute that would authorize the Court to modify Gundy's sentence as he requests.  To the contrary, requests for credit for time served under 18 U.S.C. § 3585(b) must be directed in the first instance to the BOP, not to a court.  *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).

An adverse decision by the BOP can then be challenged under 28 U.S.C. § 2241. *See Pardue*, 363 F.3d at 699.  Such actions must be filed in the district of incarceration. *See United States v. Chacon-Vega*, 262 F. App'x 730, 730 (8th Cir. 2008) (per curiam) ("a petition under 28 U.S.C. § 2241 challenging the execution of a sentence must be filed in the district where the petitioner is incarcerated"); *Bell v. United States*, 48 F.3d 1042, 1043-44 (8th Cir. 1995) (same).  Gundy's request for an attorney is therefore more appropriately addressed to the district in which he is incarcerated.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant Robert Gundy's request for the appointment of an attorney and for modification of his sentence and other relief is DENIED.

Dated: March 1, 2016              s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge