UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 14-CR-0279(1) (PJS) |
| Plaintiff, | |
| v. | ORDER |
| ROBERT EARL GUNDY, | |
| Defendant. | |

Defendant Robert Gundy pleaded guilty to mail fraud and was sentenced to 41 months in prison and three years of supervised release.  ECF No. 62.  Mr. Gundy is currently incarcerated in Elkton, Ohio.

When the Court sentenced Mr. Gundy, it ordered him to pay $416,042.46 in restitution.  ECF No. 62.  The Court ordered Mr. Gundy to make restitution payments while incarcerated.  If Mr. Gundy is working UNICOR, he must make monthly payments of 50 percent of his earnings.  If he is not working UNICOR, he must make quarterly payments of $25.  The Court did not specify what funds Mr. Gundy must use to make these payments.  The Bureau of Prisons ("BOP") has apparently decided that Mr. Gundy must make his quarterly payments from the money he earns while in prison.

This matter is now before the Court on Mr. Gundy's request that the Court order the BOP to allow him to make his quarterly payments of $25 from a personal account,

rather than from the money he earns while in prison.  Sandra Gundy, who is Mr. Gundy's ex-wife, made the request on his behalf via email.

Ms. Gundy is neither the defendant nor his attorney, so the Court will not accept submissions from her on Mr. Gundy's behalf.  The Court also will not accept requests from Mr. Gundy by email.  If Mr. Gundy wants the Court to enter an order, he must file a formal motion addressed to the undersigned (not to his law clerks), and he must file that motion with the Clerk of Court—in person, by mail, or through the Court's Electronic Case Filing system ("ECF").  The Court previously responded to an email request from Ms. Gundy on Mr. Gundy's behalf, ECF Nos. 73-74; the Court will not do so again.

Even if the Court were to consider the email from Ms. Gundy, it would deny Mr. Gundy's request.  Any objection to the manner in which the BOP is executing a sentence imposed by this Court must first be directed to the BOP.  *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) ("A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP.").  After the BOP has responded to the objection, Mr. Gundy may challenge the BOP's decision by filing an action under 28 U.S.C. § 2241.  But, as the Court informed Mr. Gundy two weeks ago, ECF No. 74, that action must be filed in the district where Mr. Gundy is incarcerated, not in this district, *see United States v. Chacon-Vega*, 262 F.

App'x 730, 731 (8th Cir. 2008); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002). Mr. Gundy is not incarcerated in this district, and therefore this Court cannot rule on any challenge to the manner in which the BOP is executing his sentence.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant Robert Gundy's request for an adjustment to the execution of the restitution judgment against him is DENIED.

Dated:  March 17, 2016          s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge